1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7    PATRICK ESLICK,

8                        Plaintiff,              NO. 2:21-CV-0282-TOR

9          v.                                    ORDER GRANTING GRANT
                                                 COUNTY DEFENDANTS' MOTION
10   STATE OF WASHINGTON; JASON                  TO DISMISS AND ORDER
     P. AEBISCHER; GRANT COUNTY,                 GRANTING IN PART AND
11   WASHINGTON; ANNA                            DENYING IN PART GRANT
     GIGLIOTTI; CITY OF MOSES                    COUNTY DEFENDANTS' MOTION
12   LAKE, WASHINGTON; TRAVIS                    TO STRIKE
     RUFFIN; and JOSE PEREZ,
13
                        Defendants.
14

15        BEFORE THE COURT are Grant County Defendants' Motion to Dismiss

16   (ECF No. 20) and Motion to Strike (ECF No. 30).  These matters were submitted

17   for consideration without oral argument.  The Court has reviewed the record and

18   files herein, the completed briefing and is fully informed.

19                              **BACKGROUND**

20        This matter arises from events following a traffic stop in July 2019.  At

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO
DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART
GRANT COUNTY DEFENDANTS' MOTION TO STRIKE   ~ 1

approximately 1:15AM, Plaintiff was pulled over in Moses Lake, Washington for driving without his headlights turned on. ECF No. 1 at 5, ¶¶ 3.2–3.3. Plaintiff was eventually arrested on a suspicion of Driving Under the Influence (DUI). ECF No. 1-1 at 23–31. The vehicle Plaintiff was driving at the time was not his own; it was registered to a third party who was not present at the time. ECF Nos. 1 at 6, ¶ 3.6; 1-1 at 33. The car was towed from the scene and subsequently impounded. ECF Nos. 1 at 11, ¶ 3.31; 1-1 at 33. Plaintiff was not ultimately charged with DUI but was cited for Negligent Driving 1st Degree. ECF No. 1-1 at 40. The citation was later dismissed following a hearing. *Id.* at 49.

While the negligent driving charge was still pending, Plaintiff sought a hearing to contest the impoundment of the vehicle. ECF No. 1 at 13–14, ¶ 3.37. An impound hearing was held on September 27, 2019 before Grant County District Court Commissioner Anna Gigliotti, who found the impound proper. ECF Nos. 1 at 14, ¶ 3.38; 1-1 at 43. Plaintiff subsequently appealed the decision, but the outcome of the appeal is not apparent from the pleadings. ECF No. 1-1 at 44. Plaintiff also filed an administrative tort claim against the State of Washington on July 1, 2021; only the denial letter is presently before the court. ECF Nos. 1 at 4, ¶ 2.5; 1-1 at 50. The letter was issued on September 18, 2021. *Id.*

Plaintiff filed the operative Complaint on September 24, 2021, alleging various state and federal law violations. ECF No. 1. Defendant Grant County and

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART GRANT COUNTY DEFENDANTS' MOTION TO STRIKE ~ 2

1 Commissioner Gigliotti (collectively "Grant County Defendants") move for

2 dismissal of all claims asserted against them on the grounds that Plaintiff has failed

3 to state claims upon which relief may be granted.

**DISCUSSION**

4

**I.     Motion to Dismiss**

5

6        A motion to dismiss for failure to state a claim under Rule 12(b)(6) "tests the

7 legal sufficiency" of the plaintiff's claims.  *Navarro v. Block*, 250 F.3d 729, 732

8 (9th Cir. 2001); Fed. R. Civ. P. 12(b)(6).  To withstand dismissal, a complaint must

9 contain "enough facts to state a claim to relief that is plausible on its face."  *Bell*

10 *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

11 when the plaintiff pleads factual content that allows the court to draw the

12 reasonable inference that the defendant is liable for the misconduct alleged."

13 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  This requires the

14 plaintiff to provide "more than labels and conclusions, and a formulaic recitation of

15 the elements."  *Twombly*, 550 U.S. at 555.  While a plaintiff need not establish a

16 probability of success on the merits, he or she must demonstrate "more than a sheer

17 possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

18        When analyzing whether a claim has been stated, the Court may consider the

19 "complaint, materials incorporated into the complaint by reference, and matters of

20 which the court may take judicial notice."  *Metzler Inv. GMBH v. Corinthian*

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO
DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART
GRANT COUNTY DEFENDANTS' MOTION TO STRIKE  ~ 3

1    *Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor*

2    *Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  A complaint must contain "a

3    short and plain statement of the claim showing that the pleader is entitled to relief."

4    Fed. R. Civ. P. 8(a)(2).  A plaintiff's "allegations of material fact are taken as true

5    and construed in the light most favorable to the plaintiff[,]" however "conclusory

6    allegations of law and unwarranted inferences are insufficient to defeat a motion to

7    dismiss for failure to state a claim."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399,

8    1403 (9th Cir. 1996) (citation and brackets omitted).

9        In assessing whether Rule 8(a)(2) has been satisfied, a court must first

10   identify the elements of the plaintiff's claim(s) and then determine whether those

11   elements could be proven on the facts pled.  The court may disregard allegations

12   that are contradicted by matters properly subject to judicial notice or by exhibit.

13   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court

14   may also disregard conclusory allegations and arguments which are not supported

15   by reasonable deductions and inferences.  *Id*.

16       The Court "does not require detailed factual allegations, but it demands

17   more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*,

18   556 U.S. at 662.  "To survive a motion to dismiss, a complaint must contain

19   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

20   on its face.'"  *Id*. at 678 (citation omitted).  A claim may be dismissed only if "it

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO
DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART
GRANT COUNTY DEFENDANTS' MOTION TO STRIKE  ~ 4

appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

### A.  Judicial Immunity

Grant County Defendants seek dismissal of all claims asserted against

Commissioner Gigliotti on the grounds that she is entitled to judicial immunity.

ECF No. 20 at 8–12.  Plaintiff asserts Commissioner Gigliotti conspired with other

defendants to violate Plaintiff's constitutional rights in violation of 42 U.S.C. §

1985, and that she aided and abetted those same defendants in furtherance of the

conspiracy, in violation of 18 U.S.C. § 2.  ECF No. 1 at 17–20, ¶¶ 4.6–4.17.

Under the doctrine of judicial immunity, judges and those performing judge-

like functions are immune from suit for acts performed in the exercise of their

official judicial functions, even where their judicial actions are erroneous,

malicious, or performed in excess of judicial authority.  *Ashelman v. Pope*, 793

F.2d 1072, 1075 (9th Cir. 1986); *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir.

1996), *superseded by statute on other grounds*; *Mullis v. U.S. Bankr. Court for

Dist. Of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987).  Judicial immunity can only be

overcome if the individual was acting "in the complete absence of all jurisdiction,"

or acting outside the individual's official capacity.  *Mireles v. Waco*, 502 U.S. 9,

11–12 (1991).

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO
DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART
GRANT COUNTY DEFENDANTS' MOTION TO STRIKE  ~ 5

1    The Ninth Circuit has identified several factors to determine whether an

2    individual's challenged action is judicial in nature. *Duvall v. County of Kitsap*,

3    260 F.3d 1124, 1133 (9th Cir. 2001). Those factors include whether the precise act

4    is a normal judicial function; whether the events occurred in the judge's chambers;

5    whether the controversy centered around a case then pending before the judge; and

6    whether the events at issue arose directly and immediately out of a confrontation

7    with the judge in his or her official capacity. *Id.* Judicial immunity extends to

8    certain others who perform functions closely associated with the judicial process,

9    such as court commissioners. *Id.* (internal quotations and citation omitted); *see*

10   *also Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (finding a municipal

11   court commissioner was entitled to judicial immunity where California law

12   permitted court judges to confer their same jurisdiction, powers, and duties to

13   commissioners).

14   Here, Commissioner Gigliotti's challenged decision clearly falls within the

15   scope of judicial immunity. As an initial matter, the State of Washington confers

16   judicial authority upon district court commissioners to hear and dispose of cases as

17   a district court judge would, with the exception that commissioners may not

18   preside over trials in criminal matters, or over jury trials in civil matters unless

19   agreed upon by the parties. RCW 3.42.010; 3.42.020. Thus, Commissioner

20

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO
DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART
GRANT COUNTY DEFENDANTS' MOTION TO STRIKE ~ 6

Gigliotti was acting within the scope of her official judge-like duties when she presided over Plaintiff's impound hearing.

Commissioner Gigliotti's decision to uphold the impound also falls within the scope of the Ninth Circuit's factors for determining whether an act is judicial in nature. First, Commissioner Gigliotti's decision was precisely the type of judicial function court commissioners are appointed to carry out. Next, the challenged action occurred in Commissioner Gigliotti's chambers and centered exclusively on the matter pending before the Commissioner at the time, *i.e.*, Plaintiff's impound hearing. Finally, the challenged action arose directly and immediately out of the impound hearing in front of Commissioner Gigliotti while she was acting in her official capacity.

Plaintiff's disagreement with the Commissioner's decision is insufficient to overcome the shield of judicial immunity. Thus, the claims against Commissioner Gigliotti are properly dismissed because Plaintiff has failed to state a claim upon which relief may be granted. The claims are dismissed with prejudice because it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

//

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART GRANT COUNTY DEFENDANTS' MOTION TO STRIKE ~ 7

1
**B.  Section 1983 Claim**

2
      Grant County Defendants move for dismissal of Plaintiff's § 1983 claim

3
against Grant County on the grounds that Plaintiff has failed to sufficiently allege

4
there was an official policy or custom in place that led to the violation of Plaintiff's

5
constitutional rights.  ECF No. 20 at 15.  Plaintiff claims the County failed to train

6
its employees in the proper procedures relating to traffic stops for suspected DUIs.

7
ECF No. 1 at 21–25, ¶¶ 4.18–4.27.

8
      "In order to set forth a claim against a municipality under 42 U.S.C. § 1983,

9
a plaintiff must show that the defendant's employees or agents acted through an

10
official custom, pattern or policy that permits deliberate indifference to, or violates,

11
the plaintiff's civil rights; or that the entity ratified the unlawful conduct."  *Shearer*

12
*v. Tacoma Sch. Dist. No. 10*, 942 F. Supp. 2d 1120, 1135 (W.D. Wash. 2013)

13
(citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)).  As such, a

14
policy, practice, or custom can be established in three ways: (1) an employee acts

15
pursuant to an expressly adopted official policy, (2) an employee acts pursuant to a

16
longstanding practice or custom, or (3) an employee acts as a final policymaker.

17
*Lytle v. Carl*, 382 F.3d 978, 982–83 (9th Cir. 2004).

18
      Absent a formal governmental policy, a plaintiff must show a "longstanding

19
practice or custom which constitutes the standard operating procedure of the local

20
governmental entity."  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting

*Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  *Id.* at 918; *see also Meehan v. Cty. of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988) (two incidents insufficient to establish custom).

Additionally, in limited circumstances, a local government's failure to train its employees on their legal duties not to violate citizens' rights may rise to the level of a policy or custom for the purposes of a § 1983 claim.  *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."  *Id*.  To succeed on a § 1983 claim alleging a failure to train, the challenged action must amount to "deliberate indifference to the rights of persons with whom the untrained employees come into contact."  *Id*. (internal brackets and citation omitted).  Deliberate indifference is a high standard that requires proof of a municipal actor's disregard for a known or obvious consequence of his action.  *Id*. Thus, when local government policymakers are on actual or constructive notice that a particular omission in their training program causes employees to violate citizens' constitutional rights, the local government may be deemed deliberately indifferent if the policymakers continue to retain the same training program.  *Id*.

1    To plead a § 1983 claim against a local governmental entity, the complaint

2    "must contain sufficient allegations of underlying facts to give fair notice and to

3    enable the opposing party to defend itself effectively," and "the factual allegations

4    that are taken as true must plausibly suggest an entitlement to relief, such that it is

5    not unfair to require the opposing party to be subjected to the expense of discovery

6    and continued litigation." *AE ex rel. Hernandez v. Cty. of Tular*, 666 F.3d 631, 637

7    (9th Cir. 2012) (internal quotation marks and citation omitted).

8    Here, Plaintiff's claim for failure to train hinges on his own single

9    experience stemming from a traffic stop. ECF No. 1 at 22–24, ¶¶ 4.18–4.22.

10    Relevant to Grant County Defendants, Plaintiff alleges Grant County failed to train

11    Commissioner Gigliotti on the impound laws related to DUI traffic stops. *Id*.

12    However, Plaintiff's single experience with Commissioner Gigliotti is insufficient

13    to establish an improper custom. *Meehan*, 856 F.2d at 107. Moreover, Plaintiff's

14    claim does not meet the heightened standard for failure to train claims because he

15    has presented no facts that establish a pattern of constitutional violations such that

16    Grant County would have been on notice of a need to further train Commissioner

17    Gigliotti. Absent proof of Commissioner Gigliotti's disregard for a known or

18    obvious consequence of an alleged pattern of actions, Grant County cannot be held

19    liable for a failure to train.

20    Plaintiff's disagreement with the outcome of the DUI traffic stop, and the

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO
DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART
GRANT COUNTY DEFENDANTS' MOTION TO STRIKE  ~ 10

1  subsequent impound hearing, is insufficient to plead a cause of action under §1983.

2  Plaintiff's § 1983 claim against Grant County Defendants is properly dismissed

3  because Plaintiff has failed to state a claim upon which relief may be granted.  The

4  claim is dismissed with prejudice because it is "absolutely clear that the

5  deficiencies of the complaint could not be cured by amendment."  *Noll*, 809 F.2d at

6  1448.

7          **C.   State Law Claims Against Grant County**[1]

8          Grant County Defendants move for dismissal of Plaintiff's state law claims

9  against Grant County on the grounds that the County is entitled to vicarious quasi-

10 judicial immunity under Washington law, or in the alternative, because Plaintiff

11 failed to file a pre-claim notice with the County.  ECF No. 20 at 13.  Plaintiff,

12 referring generally to all Defendants, alleges he suffered emotional distress.  ECF

13 No. 1 at 25, ¶¶ 4.28–4.30.

14         Under Washington law, "a city, county, or state which employs an officer

15 also enjoys the quasi-judicial immunity of that officer for the acts of that officer."

16

17 [1]      Plaintiff's state law claims are also asserted against Commissioner Gigliotti.

18 However, because the Court has already determined Commission Gigliotti is

19 entitled to judicial immunity, the Court's analysis of Plaintiff's state law claims is

20 limited to Grant County.

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO
DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART
GRANT COUNTY DEFENDANTS' MOTION TO STRIKE  ~ 11

1    *Lutheran Day Care v. Snohomish Cty*., 119 Wash. 2d 91, 101 (1992); *Dutton v.*

2    *Washington Physicians Health Program*, 87 Wash. App. 614 (1997); *Webster v.*

3    *Bronson*, No. C07-5661 FDB, 2009 WL 3185922, at *7 (W.D. Wash. Oct. 2,

4    2009), *aff'd,* 402 F. App'x 280 (9th Cir. 2010).  The Washington Supreme Court

5    requires a "detailed policy-oriented factual inquiry" to determine whether an

6    employee's immunity will extend to its state or county employer.  *Savage v. State*,

7    127 Wash. 2d 434, 440 (1995) (internal quotations, ellipses, and citation omitted).

8        The Washington Supreme Court has not addressed the extension of

9    immunity in the context of a county court commissioner.  However, the policy

10   considerations underpinning the extension of prosecutorial immunity to a county

11   employer are instructive.  In that regard, the Washington Supreme Court has stated

12   the policy purposes of judicial and quasi-judicial immunity serve to protect the

13   public by ensuring that judicial officers, including prosecutors, remain active and

14   independent.  *Creelman v. Svenning,* 67 Wash. 2d 882, 884, (1966).  Additionally,

15   the public policy interests in ensuring the continued exercise of judicial function

16   and enforcement of the law "outweighs the disadvantage to the private citizen in

17   the rare instance where he might otherwise have an action against the county and

18   state."  *Creelman*, 67 Wash. 2d at 885; *Lutheran Day Care*, 119 Wash. 2d at 127.

19   If a prosecutor is forced to weigh the possibility of triggering tort liability

20   involving his county employer against his duties to prosecute criminal cases, "his

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO
DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART
GRANT COUNTY DEFENDANTS' MOTION TO STRIKE  ~ 12

1  freedom and independence in proceeding with criminal prosecutions will be at an

2  end." *Creelman*, 67 Wash. 2d at 885. Thus, the Supreme Court has found that

3  extending quasi-judicial immunity to the county that employs a prosecutor is

4  necessary to fulfill important public policy goals. *See Creelman*, 67 Wash. 2d at

5  885.

6    Washington courts have applied the same vicarious quasi-judicial immunity

7  in other contexts as well. For example, Washington's Department of Health and

8  the State itself enjoyed the quasi-judicial immunity of the State's Medical

9  Disciplinary Board where a plaintiff failed to allege any specific claims against

10  those entities aside from the common law theory of vicarious liability. *Dutton v.*

11  *Washington Physicians Health Program*, 87 Wash. App. 614, 619 (1997).

12  Washington courts have also applied vicarious quasi-judicial immunity to a family

13  court services program for the tortious conduct of its employee because the

14  program acted as an arm of the local county courts. *Reddy v. Karr*, 102 Wash.

15  App. 742, 753 (2000)

16    The Court finds the same policy considerations underpinning vicarious

17  quasi-judicial immunity are present here. First, Plaintiff does not explicitly state a

18  claim against Grant County; his claim for emotional distress refers broadly to all

19  Defendants. Thus, his claim against Grant County can only proceed on the theory

20  of vicarious liability. Second, if county commissioners are forced to weigh the

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO
DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART
GRANT COUNTY DEFENDANTS' MOTION TO STRIKE  ~ 13

1  possibilities of triggering tort litigation arising from their decisions, particularly

2  where their county employer is involved, their judicial duties would become

3  severely impaired.  Applying vicarious quasi-judicial immunity to Grant County

4  serves the "sound public policy" of ensuring "active and independent action by

5  individuals charged with fashioning judicial determinations."  *Reddy v. Karr*, 102

6  Wash. App. 742, 748 (2000) (citing *Anderson v. Manley*, 181 Wash. 327, 331

7  (1935); *Taggart v. State*, 118 Wash. 2d 195, 203 (1992)).

8         Consequently, Grant County is protected by vicarious quasi-judicial

9  immunity from claims arising from the alleged tortious conduct of Commissioner

10  Gigliotti.  Plaintiff's state tort claims against Grant County are properly dismissed

11  because Plaintiff has failed to state a claim upon which relief may be granted.  The

12  claims are dismissed with prejudice because it is "absolutely clear that the

13  deficiencies of the complaint could not be cured by amendment."  *Noll*, 809 F.2d at

14  1448.  The Court need not reach Grant County Defendants' alternative theory of

15  dismissal because Plaintiff's tort claims are precluded by Grant County's

16  immunity.

17  **II.    Motion to Strike**

18         Grant County Defendants move to strike Plaintiff's document styled as First

19  Amended Complaint (ECF No. 25) and Plaintiff's sur-reply styled as Response to

20  Defendants Reply (ECF No. 27).  Plaintiff argues the "motion to strike procedure"

1  under "§ 525(4)(b)" is unconstitutional.  ECF No. 32.

2        As an initial matter, it is unclear what authority Plaintiff is attempting to

3  invoke with his citation to "§ 525(4)(b)."  To the extent that Plaintiff refers to

4  RCW 4.24.525, his argument is without merit, as the statute has been repealed.

5  RCW 4.24.525, Repealed by Laws 2021, ch. 259, § 15, eff. July 25, 2021.

6        Under Rule 15(a)(1), a party may amend his pleadings once as a matter of

7  course within 21 days after serving the pleading, or, if a responsive pleading is

8  required, 21 days after receiving service of a responsive pleading or 21 days after

9  service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ.

10  P. 15(a)(1).  Under any other circumstances, "a party may amend its pleading only

11  with the opposing party's written consent or the court's leave."  Fed. R. Civ. P.

12  15(a)(2).  In the Ninth Circuit, a *pro se* litigant's request for leave to amend under

13  Rule 15(a) is treated very liberally, and *pro se* litigants should be provided the

14  opportunity to correct deficiencies in their pleadings.  *Id.*; *Wennihan v. AHCCCS*,

15  525 F. Supp. 2d 1040, 1043–44 (9th Cir. 2005).  However, "leave to amend need

16  not be granted if the proposed amended complaint would be subject to dismissal."

17  *Ritzer v. Gerovicap Pharmaceutical Corp.*, 162 F.R.D. 642, 645 (D. Nevada 1995)

18  (citing *Johnson v. American Airlines*, 834 F.2d 721, 724 (9th Cir. 1987) (stating

19  that "courts have discretion to deny leave to amend a complaint for 'futility', and

20  futility includes the inevitability of a claim's defeat on summary judgment").

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO
DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART
GRANT COUNTY DEFENDANTS' MOTION TO STRIKE  ~ 15

1    Here, City Defendants and Grant County Defendants filed their Answers to

2  the operative Complaint on October 19, 2021 and October 20, 2021, respectively.

3  ECF Nos. 16, 19.  Plaintiff filed the document styled as "First Amended

4  Complaint" on November 15, 2021, over 21 days after Defendants filed their

5  Answers.  Plaintiff did not he seek leave from the Court or opposing parties before

6  filing the document.  Consequently, the document has no legal effect.  *Ritzer*, 162

7  F.R.D. at 644; *Hoover v. Blue Cross & Blue Shield,* 855 F.2d 1538, 1544 (11th Cir.

8  1988) (plaintiff improperly filed amended complaint so amended complaint had no

9  legal effect).  Nonetheless, for the purposes of this Order, the Court will construe

10  Plaintiff's "First Amended Complaint" as a proposed amended complaint.

11    Defendants seek to strike Plaintiff's document pursuant to Rule 12(f).  ECF

12  No. 30 at 7.  However, a motion to strike is not the proper procedural ground for

13  dismissal of a complaint; a Rule 12(b)(6) motion for failure to state a claim is the

14  proper procedural vehicle, and, to the extent that Grant County Defendants' motion

15  seeks to strike the "First Amended Complaint," the Court will treat that portion of

16  the motion as a motion to dismiss.  *See Ritzer*, 162 F.R.D. at 644.

17    The issue here is whether Plaintiff's proposed amended complaint sets forth

18  claims for which relief could be granted.  The factual allegations in the proposed

19  complaint are nearly identical to those contained in the original Complaint.

20  *Compare* ECF No. 25 *with* ECF No. 1.  The claims in the proposed amended

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO
DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART
GRANT COUNTY DEFENDANTS' MOTION TO STRIKE   ~ 16

1   complaint are also nearly identical, with the exception of two additional claims.

2   However, Plaintiff is not entitled to relief under either of the new claims.

3          First, Title 10 of the United States Code governs only the military and its

4   personnel; thus, Plaintiff cannot recover under its provisions. *See* 10 U.S.C. Subt.

5   A, Pt. II, Ch. 47, *et seq.* Second, Plaintiff's additional cause of action under 42

6   U.S.C. § 1986 does not contain any new factual allegations that are not already

7   alleged in the original Complaint under Plaintiff's § 1985 claim, which the Court

8   has already determined is subject to dismissal with prejudice against Grant County

9   Defendants. *Compare* ECF No. 25 at 23–25, ¶¶ 4.11–4.13 *with* ECF No. 1 at 19,

10  ¶¶ 4.11–4.13. The remaining claims stated in Plaintiff's proposed amended

11  complaint are duplicative of the facts and claims alleged in the original Complaint.

12         Consequently, the Court finds Plaintiff's proposed amended complaint

13  would be subject to dismissal as to Grant County Defendants for the reasons

14  discussed in this Order. Additionally, the Court finds Plaintiff's duplicative factual

15  allegations and claims would be futile as to the remaining Defendants because they

16  do not state new claims upon which relief may be granted. The Court will not

17  grant Plaintiff leave to file the proposed amended complaint. Grant County

18  Defendant's Motion to Strike Plaintiff's Amended Complaint, treated in part as a

19  motion to dismiss, is granted in part. The claims are dismissed with prejudice

20  because it is "absolutely clear that the deficiencies of the complaint could not be

1   cured by amendment." *Noll*, 809 F.2d at 1448.

2       **A.  Sur-reply**

3       Grant County Defendants also seek to strike Plaintiff's sur-reply, styled as

4   Response to Defendants Reply (ECF No. 27), on the grounds that Plaintiff failed to

5   seek leave from the Court before filing the sur-reply, and because Grant County

6   Defendants did not raise any new arguments in their Reply that would warrant a

7   sur-reply.  ECF No. 30 at 5–7.

8       Generally, under this Court's scheduling orders, no supplemental response

9   or supplemental replies to any motion may be filed unless the Court grants a

10  motion to file such documents.  However, no scheduling order has been issued in

11  this case.  The Court reminds Plaintiff to review Local Civil Rule 7, which

12  provides for one response memorandum for each motion.[2]

13      The Court finds it unnecessary to strike Plaintiff's sur-reply.  In any event,

14  the Court's review of Plaintiff's allegations is limited to the operative Complaint,

15  documents incorporated to the Complaint by reference, and judicial notice.

16  *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d at 1061.  To the extent

17  that Plaintiff raises new allegations in the sur-reply, the material is not dispositive

18  _____

19  [2]   Local Civil Rules Eastern District of Washington | Eastern District of

20  Washington (uscourts.gov)

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO
DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART
GRANT COUNTY DEFENDANTS' MOTION TO STRIKE  ~ 18

to the current Order.  The Court denies Grant County Defendants' Motion to Strike, in part.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Grant County Defendants' Motion to Dismiss (ECF No. 20) is **GRANTED**.  The claims asserted against Defendants Grant County and Commissioner Anna Gigliotti in Plaintiff's Complaint (ECF No. 1) are **DISMISSED with prejudice**.

2. The Clerk of the Court is directed to **TERMINATE** Defendants Grant County and Commissioner Anna Gigliotti from this action and adjust the docket sheet accordingly.

3. Grant County Defendants' Motion to Strike Plaintiff's Amended Complaint (ECF No. 30) is **GRANTED in part and denied in part**. The claims asserted in the document styled as "First Amendment to Complaint for Damages" (ECF No. 25) are **DISMISSED with prejudice**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED December 22, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING GRANT COUNTY DEFENDANTS' MOTION TO DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART GRANT COUNTY DEFENDANTS' MOTION TO STRIKE  ~ 19