UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK ESLICK,<br><br>                Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON; JASON P. AEBISCHER; CITY OF MOSES LAKE, WASHINGTON; TRAVIS RUFFIN; and JOSE PEREZ,<br><br>                Defendants. | NO. 2:21-CV-0282-TOR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration (ECF No. 35). The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion is DENIED.

Plaintiff, proceeding *pro se* and *in forma pauperis*, moves the Court to reconsider its Order Granting Motion to Dismiss and Order Granting in Part and Denying in Part Motion to Strike (ECF No. 34). A motion for reconsideration of a final judgment may be reviewed under Federal Rule of Civil Procedure 59(e)

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

(motion to alter or amend a judgment) or Rule 60(b) (relief from judgment).  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  Where a final judgment has not been entered, the Court has discretion to reconsider under Rule 54(b), which allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of a judgment . . . ."  Fed. R. Civ. P. 54(b); *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).  Additionally, the Court has inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction."  *Id*.  While both Rule 54(b) and the common law provide distinct authority under which a court may reconsider its rulings, the analysis under both appears to be the same.  *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583 (D. Ariz. 2003).

Here, while the Court dismissed certain defendants in the Order at issue, all claims alleged in the Complaint are still pending against the remaining defendants; thus, Rule 54(b) or the common law is the applicable authority.  Some courts have adopted local rules specifically addressing the legal standard that applies to reconsideration under Rule 54(b) or the common law.  *See, e.g.*, *Motorola, Inc.*, 215 F.R.D. at 583-86 (D. Ariz. 2003) (collecting cases).  This Court has not adopted such a rule.  Instead, the Court's analysis is guided by the law of the case doctrine as applied by the Ninth Circuit.  *See Milgard Tempering, Inc. v. Selas*

ORDER DENYING MOTION FOR RECONSIDERATION ~ 2

*Corp. of Am.*, 902 F.2d 703 (9th Cir. 1990).

Under the law of the case doctrine, reconsideration may be appropriate in cases that "involve an intervening change in the law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Seiko Epson Corp. v. Glory S. Software Mfg., Inc.*, 684 F. Supp. 2d 1231, 1242 (D. Or. 2010). As a rule, a court should be loath to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Nonetheless, whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Here, Plaintiff has not identified an intervening change in the law, submitted any new evidence, or demonstrated the Court committed clear error that was manifestly unjust. Rather, Plaintiff provides a line-by-line assessment of his disagreement with the Court's ruling and his own interpretation of the law and facts. *See generally* ECF No. 35. "Mere disagreement with a previous order is an insufficient basis for reconsideration." *Hawaii Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

ORDER DENYING MOTION FOR RECONSIDERATION ~ 3

To the extent Plaintiff is seeking a second reconsideration for appointment of counsel, the motion is again denied. *See* ECF No. 35 at 10. As the Court previously stated, Plaintiff is seeking money damages and has apparently contacted numerous attorneys who will not take his case. ECF No. 15. Plaintiff has not demonstrated that exceptional circumstances justify appointment of *pro bono* counsel.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Reconsideration (ECF No. 35) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED January 6, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION ~ 4