1

2

3

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK L. ESLICK,<br><br>                    Plaintiff,<br><br>      v.<br><br>STATE OF WASHINGTON AND<br>JASON P. AEBISCHER, and CITY<br>OF MOSES LAKE AND TRAVIS<br>RUFFIN AND JOSE PEREZ,<br><br>                    Defendants. | NO. 2:21-CV-0282-TOR<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR PARTIAL<br>SUMMARY JUDGMENT AND<br>GRANTING CITY DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT |

        BEFORE THE COURT are Plaintiff's Motion for Partial Summary

Judgment (ECF No. 43) and City Defendants' Motion for Summary Judgment

(ECF No. 50).  These matters were submitted for consideration with oral argument

on June 9, 2022.  Plaintiff Patrick L. Eslick, proceeding *pro se*, appeared on behalf

of himself.  Kirk A. Ehlis appeared on behalf of City Defendants.  Taylor M.

Hennessey appeared on behalf of State Defendants.  The Court has reviewed the

record and files herein, considered the parties' oral arguments, and is fully

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT ~ 1

1    informed.  For the reasons discussed below, Plaintiff's Motion for Partial Summary

2    Judgment (ECF No. 43) is DENIED, and City Defendants' Motion for Summary

3    Judgment (ECF No. 50) is GRANTED.

4                                **BACKGROUND**

5        This matter relates to events following a traffic stop in July 2019.  The

6    following facts are not in dispute, except where noted.

7        Sometime between 1:00AM and 2:00AM on July 29, 2019, Plaintiff was

8    pulled over in Moses Lake, Washington for driving without his headlights turned

9    on.  ECF Nos. 43-1 at 2, ¶ 2; 51 at 2, ¶ 1.  After an interaction with Defendants

10   Officer Perez and State Trooper Aebischer, Plaintiff was placed under arrest for

11   suspected driving under the influence (DUI).  ECF Nos. 43-1 at 7, ¶ 15; 51 at 6, ¶

12   23.  Defendant Officer Ruffin was also on scene during the interaction; he was

13   riding along with Officer Perez as part of Officer Perez's training.  ECF No. 52 at

14   2, ¶ 5.  Officer Ruffin's role was primarily to observe Officer Perez's interactions

15   with the public.  *Id.* at 3, ¶ 6.  Plaintiff was not ultimately charged with DUI but

16   was cited for Negligent Driving 1st Degree.  ECF No. 51 at 8, ¶ 34.  The citation

17   was later dismissed.  ECF No. 1-1 at 49.

18       On July 1, 2021, Plaintiff filed a tort claim with the Washington Department

19   of Enterprise Services, Office of Risk Management, for alleged tortious conduct

20   stemming from the July 2019 traffic stop.  *Id.* at 50.  Plaintiff did not properly file

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT ~ 2

a tort claim with the City of Moses Lake.  ECF No. 50 at 9, ¶ 38.  On September

24, 2021, Plaintiff filed the operative Complaint in this matter, asserting state and

federal law violations.  ECF No. 1.  On December 22, 2022, the Court dismissed

Defendants Grant County and Commissioner Gigliotti from the action, finding

Plaintiff had failed to state claims against those defendants.  ECF No. 34.  The

remaining defendants include the State of Washington, State Trooper Aebischer,

the City of Moses Lake, and Moses Lake Police Officers Ruffin and Perez

(collectively "Defendants").

       In the present motions, Plaintiff seeks partial summary judgment as to the

remaining Defendants' liability for claims asserted pursuant to 42 U.S.C. §§ 1983

and 1985, 18 U.S.C. § 2, and various state laws; Defendants City of Moses Lake,

Officer  Ruffin, and Officer Perez ("City Defendants") seek summary judgment as

to all claims asserted against them.  ECF Nos. 43, 50.  Defendants State of

Washington and Trooper Aebischer ("State Defendants") have responded to both

motions and reserve the right to file their own motion for summary judgment in the

future.  ECF Nos. 47, 57.

## DISCUSSION

### I.    Legal Standard

       The Court may grant summary judgment in favor of a moving party who

demonstrates "that there is no genuine dispute as to any material fact and that the

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT ~ 3

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4

### A.   42 U.S.C. § 1983

A cause of action pursuant to 42 U.S.C. § 1983 may be maintained "against any person acting under the color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Southern Cal. Gas Co., v. City of Santa Ana,* 336 F.3d 885 (9th Cir. 2003) (citing 42 U.S.C. § 1983).  The rights guaranteed by § 1983 are "liberally and beneficently construed." *Dennis v. Higgins,* 498 U.S. 439, 443 (1991).

Plaintiff seeks summary judgment as to Defendants' liability arising under § 1983 for civil rights violations including failure to train, false arrest, and due process violations.  ECF No. 1 at 16–17, at 21–25.  State Defendants oppose Plaintiff's motion on the grounds that they are not "persons" for the purposes of a § 1983 claim.  ECF No. 47 at 7.  City Defendants argue Plaintiff has failed to establish the existence of an official policy or custom, or a failure to train City employees, that leads to civil rights violations.  ECF No. 44 at 7–9.  City Defendants also move for summary judgment on all claims asserted against them arising under § 1983.  ECF No. 50 at 6–15.

#### *1.  State Defendants*

As an initial mater, it is well settled that states, state agencies, and state officials acting in their official capacities are not susceptible to suits under 42 U.S.C. § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT ~ 5

Here, the State of Washington and Trooper Aebischer acting in his official capacity are state actors and are therefore not "persons" susceptible to suit under § 1983. Plaintiff is not entitled to summary judgment regarding State Defendants' liability under § 1983. Consequently, the Court will address Plaintiff's remaining § 1983 claims only as to Defendants City of Moses Lake and Officers Perez and Ruffin.

### 2.  City of Moses Lake—Failure to Train

Plaintiff alleges Defendant City of Moses Lake failed to properly train its law enforcement officers in DUI and arrest procedures, leading to Officers Ruffin and Perez violating Plaintiff's Fourth and Fourteenth Amendment rights. ECF Nos. 43 at 13–16; 1 at 21–25, ¶¶ 4.18–4.27. Defendants assert Plaintiff has not established a failure to train claim under § 1983. ECF No. 50 at 6–8.

"In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct." *Shearer v. Tacoma Sch. Dist. No. 10*, 942 F. Supp. 2d 1120, 1135 (W.D. Wash. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). As such, a policy, practice, or custom can be established in three ways: (1) an employee acts pursuant to an expressly adopted official policy, (2) an employee acts pursuant to a

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT ~ 6

longstanding practice or custom, or (3) an employee acts as a final policymaker. *Lytle v. Carl*, 382 F.3d 978, 982–83 (9th Cir. 2004).

Absent a formal governmental policy, a plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  *Trevino*, 99 F.3d at 918; *see also Meehan v. Cty. of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988) (finding two incidents insufficient to establish custom).

Additionally, in limited circumstances, a local government's failure to train its employees on their legal duties not to violate citizens' rights may rise to the level of a policy or custom for the purposes of a § 1983 claim.  *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."  *Id*.  To succeed on a § 1983 claim alleging a failure to train, the challenged action must amount to "deliberate indifference to the rights of persons with whom the untrained employees come into contact."  *Id*. (internal brackets and citation omitted).

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7

1    Deliberate indifference is a high standard that requires proof of a municipal

2    actor's disregard for a known or obvious consequence of his action. *Id*. Thus,

3    when local government policymakers are on actual or constructive notice that a

4    particular omission in their training program causes employees to violate citizens'

5    constitutional rights, the local government may be deemed deliberately indifferent

6    if the policymakers continue to retain the same training program. *Id*.

7    Here, Plaintiff's failure to train claim is premised on two of his own

8    experiences with the Moses Lake Police Department: the July 2019 traffic stop and

9    an incident that occurred in March 2015. ECF Nos. 43 at 13–16; 1 at 21, ¶ 4.19.

10   City Defendants argue Plaintiff has failed to establish an official policy or custom

11   used by the City of Moses Lake that permits deliberate violations of citizens'

12   constitutional rights. ECF No. 50 at 8. City Defendants further argue Plaintiff has

13   failed to meet the heightened standard required to establish deliberate indifference

14   because Plaintiff has presented no facts indicating there is a pattern or practice of

15   violating constitutional violations that would put the City of Moses Lake on notice

16   of a need to further train its law enforcement officers. *Id*.

17   The Court agrees. Based on the evidence in the record, Plaintiff has failed to

18   establish a pattern or practice of "sufficient duration, frequency and consistency"

19   to succeed on a § 1983 claim for a failure to train. *Trevino*, 99 F.3d at 918.

20   Plaintiff has not provided any evidence that the Moses Lake Police Department's

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT ~ 8

training program regularly leads to civil rights violations, or evidence that the City

of Moses Lake had knowledge of past or ongoing constitutional violations arising

from an inadequate training program.  Rather, Plaintiff cites only to his own

interpretation of the recorded conversation between Officers Perez and Ruffin and

Trooper Aebischer during the 2019 traffic stop to conclude their training was

inadequate, and to an incident that occurred in March 2015.  ECF Nos. 43-2 at 2–6;

1 at 21, ¶ 4.19.  The latter reference is nearly devoid of any facts or context, and

therefore, it is difficult to determine whether that incident is even relevant to

Plaintiff's claim.  In any event, one or even two isolated experiences, and

Plaintiff's own interpretation of the events, are insufficient to establish a failure to

train under § 1983.  *Meehan,* 856 F.2d at 107.  Accordingly, Plaintiff's motion for

summary judgment is denied and the Court finds City Defendants are entitled to

summary judgment as a matter of law.

### 3.  *Officer Perez—False Arrest, Qualified Immunity*

Plaintiff alleges Officer Perez confined him against his will and without

probable cause in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

ECF No. 1 at 16–17, ¶¶ 4.1–4.3; 43 at 7.  City Defendants argue Officer Perez is

entitled to qualified immunity under § 1983 because Plaintiff's arrest was lawful.

ECF No. 44 at 5–7.  City Defendants move for summary judgment on the grounds

that Plaintiff's claim is time barred.  ECF No. 50 at 9–15.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT ~ 9

1     "Arrest by police officers without probable cause violates the Fourth

2     Amendment's guarantee of security from unreasonable searches and seizures,

3     giving rise to a claim for false arrest under § 1983." *Caballero v. City of*

4     *Concord,* 956 F.2d 204, 206 (9th Cir. 1992).  However, such claims are subject to

5     the applicable statute of limitations.  "State law governs the statute of limitations

6     period for § 1983 suits and closely related questions of tolling." *Douglas v. Noelle*,

7     567 F. 3d 1103, 1109 (9th Cir. 2009).  A cause of action accrues from the date the

8     plaintiff knew or should have known the factual basis for the claim.  *Allen v. State*,

9     118 Wash. 2d 753, 758 (1992).  In Washington, the statute of limitations for a

10    § 1983 claim premised on false arrest is two years.  RCW 4.16.100(1).  However,

11    the statute of limitations will toll under certain circumstances.  Relevant here, the

12    statute of limitations tolls for sixty days once a tort claim is filed with the agent of

13    the local government entity to be sued.  RCW 4.96.020(4).

14        The actions giving rise to Plaintiff's false arrest claim occurred on July 29,

15    2019.  ECF No. 43 at 2.  Thus, under Washington law, Plaintiff must have

16    commenced his § 1983 false arrest claim by July 29, 2021, unless he first filed a

17    tort claim with the City of Moses Lake.  It is undisputed that Plaintiff did not

18    properly file a tort claim with the City of Moses Lake.  ECF Nos. 50 at 10; 60 at

19    13–15.  Plaintiff argues he attempted to file his tort claim with the City of Moses

20    Lake but the City did not accept the filing.  ECF No. 60 at 13–14.  Plaintiff did not

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT ~ 10

submit any evidence of the claim he allegedly filed.  Moreover, a failure to comply

with the filing requirements cannot overcome the statutory prerequisite to filing

suit against the City.  Consequently, when Plaintiff commenced this action on

September 24, 2021, the statute of limitations, which began to run on July 29,

2019, had expired.  Plaintiff's claim for § 1983 liability premised on false arrest is

barred by Washington's two-year statute of limitations.  City Defendants are

entitled to summary judgment as a matter of law.  The Court need not reach the

issue of qualified immunity.

### B.    42 U.S.C. § 1985

Plaintiff alleges Officers Perez and Ruffin and Trooper Aebischer engaged

in a conspiracy to falsely arrest and unlawfully imprison Plaintiff in violation of 42

U.S.C. § 1985.  ECF No. 43 at 2.  City Defendants argue Plaintiff has failed to

establish a race or class-based animus for the alleged conspiracy and move for

summary judgment on the same grounds.  ECF Nos. 44 at 11–12; 50 at 15–16.

State Defendants oppose Plaintiff's motion for the same reason.  ECF No. 47 at 10.

Section 1985 provides three causes of action.  *See Deleo v. Rudin*, 328 F.

Supp. 2d 1106, 1112–13 (D. Nevada 2004).  Plaintiff does not specify in the

Complaint which cause of action he is pursuing.  However, based on the alleged

facts, it appears Plaintiff is asserting a claim under § 1985(3), which provides a

cause of action against one or more conspirators who deprive an individual of

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT ~ 11

equal protection of the laws.  42 U.S.C. § 1985(3); *Bretz v. Kelman*, 773 F.2d 1026, 1027–28 (9th Cir. 1985).  The Supreme Court has held that "the language of § 1985(3) . . . must be limited to cases alleging some racial or class-based invidious discrimination."  *Id*. (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

Defendants argue Plaintiff has not alleged any facts or provided any evidence that the law enforcement officers involved were motivated by race-based or class-based discrimination.  ECF Nos. 50 at 16; 47 at 10.  Plaintiff appears to assert he was subjected to class-based discrimination when Defendants categorized him as "an impaired driver."  ECF No. 60 at 11–12.  Plaintiff does not cite to any authority, and the Court is not aware of any, that recognizes categories of drivers as a protected class.  Plaintiff does not provide any other evidence from which a trier of fact could reasonably find Plaintiff was discriminated against based on membership in a protected class.  Consequently, Plaintiff is not entitled to summary judgment on the issue and the Court finds City Defendants are entitled to summary judgment as a matter of law.

## C.  18 U.S.C. § 2

City Defendants move for summary judgment on Plaintiff's claim under 18 U.S.C. § 2, arguing the statute does not create a private cause of action.  ECF No. 50 at 17.  Plaintiff did not respond to Defendants' argument.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 12

Title 18 of the United States Code contains criminal statutes, which do not ordinarily provide private causes of action. "[C]ourts may infer such private causes of action for damages from . . . criminal statutes only when such inference is consistent with the evident legislative intent, and of course, with the effectuation of the purposes intended to be served  [by] the Act." *Savini Constr. Co. v. Crooks Bros. Constr. Co.*, 540 F.2d 1355, 1358 (9th Cir. 1974) (internal quotation marks and citation omitted). Section 2 is a general criminal statute establishing criminal liability for those who act as principals in the commission of a crime. 18 U.S.C. § 2. There is no legislative intent indicating 18 U.S.C. § 2 could be used to assert a private cause of action. Therefore, Defendants are entitled to summary judgment as a matter of law.

### D.   State Law Claims

Plaintiff asserts several state law claims including infliction of emotion distress, unlawful imprisonment, false arrest, and malicious prosecution. ECF No. 1 at 25–27. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A federal court may exercise original jurisdiction over cases involving a question of federal law or between parties of diverse citizenship. 28 U.S.C. §§ 1331, 1332. A federal court may also exercise supplemental jurisdiction over pendent claims "that are so related to the claims in the action within such original jurisdiction that they form

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 13

part of the same case or controversy." 28 U.S.C. § 1367(a). However, if a district court has dismissed all of the claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related claim. 28 U.S.C. § 1367(c)(3).

Having dismissed the federal claims asserted against City Defendants, and considering the values of judicial economy, convenience, fairness, and comity, the Court declines to exercise supplement jurisdiction over Plaintiff's state law claims asserted against the City of Moses Lake and Officers Perez and Ruffin. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), *superseded by statute on other grounds as stated in Stanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (ECF No. 43) is **DENIED**.

2. City Defendants' Motion for Summary Judgment (ECF No. 50) is **GRANTED**.

3. The federal claims asserted against Defendants City of Moses Lake, Travis Ruffin, and Jose Perez are **DISMISSED with prejudice**. Any

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 14

state law claims asserted against these Defendants are **DISMISSED**

**without prejudice**.

4. Defendants City of Moses Lake, Travis Ruffin, and Jose Perez are

terminated from the docket.

The District Court Executive is directed to enter this Order and Judgment

accordingly and furnish copies to counsel.

DATED June 9, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND GRANTING CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT ~ 15