UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK L. ESLICK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF WASHINGTON and JASON P. AEBISCHER,<br><br>　　　　　Defendants. | NO. 2:21-CV-0282-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Summary Judgment (ECF No. 64). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion for Summary Judgment (ECF No. 64) is **granted**.

## BACKGROUND

This matter relates to events following a traffic stop in July 2019. ECF No. 1. Plaintiff's Complaint raises the following causes of action: (1) violations under

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

the Fourth and Fourteenth Amendments for false arrest and failure to train, 42 U.S.C. § 1983, (2) conspiracy to interfere with civil rights, 42 U.S.C. § 1985, (3) aiding and abetting, 18 U.S.C. § 2, and (4) state law claims for infliction of emotional distress, unlawful imprisonment, false arrest, and malicious prosecution. *See id.* On June 9, 2022, the Court granted the City Defendants' Motion for Summary Judgment and dismissed all claims against them. ECF No. 63.

The remaining Defendants, State of Washington and Jason P. Aebischer, seek summary judgment on all claims. ECF No. 64. The parties timely filed their respective response and reply. ECF No. 72, 75. Except where noted, the following facts are not in dispute.[1]

On July 29, 2019, at approximately 2:00 a.m., Moses Lake Police Officers Travis Ruffing and Jose Perez observed a Gray Honda Accord driving without lights. ECF No. 65 at 1, ¶ 1. Based on the car driving without lights, Officer Perez initiated a traffic stop where Plaintiff was identified as the driver. *Id.* at 2, ¶¶ 2–3. When Officer Perez informed Plaintiff of the reason for his stop, Plaintiff said "Oh

---

[1] The Court does not include Plaintiff's many assertions of factual disputes that are not material to the outcome of this case. For example, Plaintiff asserts "[n]o officer can approach a vehicle and identify the driver at the same time." ECF No. 73 at 2, ¶ 3.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2

1  really" and turned the lights on. *Id.*, ¶ 4. Officer Perez observed Plaintiff to have
2  watery eyes, which he believed to mean a driver is impaired based on his training
3  and experience. *Id.*, ¶ 5. When asked where he was coming from, Plaintiff
4  indicated he was on his way home from a casino. *Id.*, ¶ 6. When Officer Perez
5  asked Plaintiff if he had been drinking, Plaintiff admitted to drinking two beers that
6  evening. *Id.*, ¶ 7. Officer Perez instructed Plaintiff to remain in his vehicle after
7  Plaintiff declined the request to perform a voluntary Standard Field Sobriety Test.
8  *Id.*, ¶ 8.

9       Washington State Patrol Trooper Jason Aebischer observed this traffic stop
10  and approached the stop to assist. *Id.* at 3, ¶ 10. Trooper Aebischer approached
11  the vehicle and smelled the strong odor of intoxicants coming from inside the
12  vehicle. *Id.*, ¶ 11. Plaintiff stepped out of the car and reiterated that he had come
13  from the casino and consumed two beers. *Id.*, ¶ 12. Trooper Aebischer continued
14  to smell alcohol on Plaintiff when he stepped out of the vehicle. *Id.* Plaintiff
15  performed the horizontal gaze nystagmus test ("HGN"), which Trooper Aebischer
16  found six out of six clues for gauging impairment. *Id.* at 3–4, ¶¶ 13–14, 16.
17  Plaintiff refused to perform any other field sobriety tests and declined a portable
18  breath test. *Id.* at 4, ¶ 15.

19       Trooper Aebsicher determined probable cause existed to arrest Plaintiff for
20  driving under the influence based on Plaintiff's admission he consumed alcohol

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 3

that evening, the smell of odor of alcohol coming from the vehicle and Plaintiff, the HGN test, and the observation that Plaintiff drove his car without lights. *Id.*, ¶ 16.

Plaintiff disputes the determination of probable cause on the following grounds: (1) Officer Perez stated "I would say he has watery eyes, but that's about it" when conducting the DUI investigation, (2) Plaintiff had normal speech, and (3) Plaintiff disputes any odor of intoxicants came from the vehicle or his person based on Perez's statement he could not smell intoxicants. *See* ECF No. 73. Plaintiff does not dispute that his taillights were off, he had watery eyes, he admitted to consuming two beers, and he was coming from a casino. *Id.*

Officer Perez cited Plaintiff for Negligent Driving 1st Degree and the citation was later dismissed. ECF No. 65 at 4, ¶ 18.

## DISCUSSION

### I. Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the

1  absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.
2  317, 323 (1986).  The burden then shifts to the non-moving party to identify
3  specific facts showing there is a genuine issue of material fact.  *See Anderson v.*
4  *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla
5  of evidence in support of the plaintiff's position will be insufficient; there must be
6  evidence on which the jury could reasonably find for the plaintiff."  *Id*. at 252.

7       For purposes of summary judgment, a fact is "material" if it might affect the
8  outcome of the suit under the governing law.  *Id.* at 248.  Further, a dispute is
9  "genuine" only where the evidence is such that a reasonable jury could find in
10 favor of the non-moving party.  *Id.*  The Court views the facts, and all rational
11 inferences therefrom, in the light most favorable to the non-moving party.  *Scott v.*
12 *Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted
13 "against a party who fails to make a showing sufficient to establish the existence of
14 an element essential to that party's case, and on which that party will bear the
15 burden of proof at trial."  *Celotex*, 477 U.S. at 322.  While a *pro se* litigant's
16 allegations are to be liberally construed, non-prisoner "*pro se* litigants in the
17 ordinary civil case should not be treated more favorably than parties with attorneys
18 of record."  *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).
19 //
20 //

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 5

## II.    42 U.S.C. § 1983

Defendants move for summary judgment on Plaintiff's constitutional claims on the grounds that state actors are not subject to § 1983 claims and that probable cause existed to arrest Plaintiff for driving under the influence. ECF No. 64 at 9.

As an initial matter, Plaintiff asserts § 1983 claims under the Fourth and Fourteenth Amendments. *See* ECF No. 1. To the extent Plaintiff's Fourteenth Amendment claim is premised on false arrest, this action is properly rooted in the Fourth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 273–275 (1994).

### A.    State Actors

A cause of action pursuant to 42 U.S.C. § 1983 may be maintained "against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Southern Cal. Gas Co., v. City of Santa Ana,* 336 F.3d 885 (9th Cir. 2003) (citing 42 U.S.C. § 1983). The rights guaranteed by § 1983 are "liberally and beneficently construed." *Dennis v. Higgins,* 498 U.S. 439, 443 (1991).

As stated in the Court's prior Order, it is well settled that states, state agencies, and state officials acting in their official capacities are not susceptible to suits under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, the State of Washington and Trooper Aebischer acting in his official capacity are state actors and are therefore not "persons" susceptible to suit

under § 1983.  Therefore, summary judgment on Plaintiff's § 1983 claims against the State of Washington (including for failure to train) and Trooper Aebischer acting in his official capacity is appropriate.

### B. Trooper Aebischer, Individually

"Arrest by police officers without probable cause violates the Fourth Amendment's guarantee of security from unreasonable searches and seizures, giving rise to a claim for false arrest under § 1983." *Caballero v. City of Concord,* 956 F.2d 204, 206 (9th Cir. 1992).  Probable cause requires a "'fair probability that contraband or evidence of a crime will be found in a particular place,' based on the totality of circumstances." *Dawson v. City of Seattle*, 435 F.3d 1054, 1062 (9th Cir. 2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Fair probability does not mean "certainty or even a preponderance of the evidence." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (citing *Illinois*, 462 U.S. at 246).

In Washington, a person is guilty of driving under the influence if they have an alcohol concentration of 0.08 or higher within two hours after driving or if the person is under the influence of or affected by intoxicating liquor.  RCW 46.61.502(1).  In assessing alcohol intoxication, factors to consider include erratic driving, the smell of alcohol, slurred speech, admitting to consuming alcohol, and the results of field sobriety tests. *See State of Washington v. Cerrillo*, 122 Wash.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7

App. 341, 351 (2004); *State of Washington v. Baldwin*, 109 Wash. App. 516, 524 (2001); *State of Washington v. Griffith*, 61 Wash. App. 35, 39–40 (1991).

Defendants assert Trooper Aebischer had probable cause as a matter of law on the grounds that he was pulled over for driving without lights on the exterior of the vehicle at night, Plaintiff admitted he had consumed alcohol that evening, the smells of alcohol intoxicants coming from Plaintiff and his vehicle, and the results of the HGN test. ECF No. 65 at 3-4, ¶¶ 11–16. Plaintiff disputes probable cause on the following grounds: (1) only Trooper Aebischer claimed to smell alcohol – the other two officers did not (2) Plaintiff had normal speech, and (3) he did not fail the HGN test due to his "very low BAC test evidence." ECF No. 72 at 7–8, 12–14. However, Plaintiff does not dispute that his vehicle lights were off while driving at night, he had watery eyes, and that he admitted to consuming two beers. *See id.*

Based on these undisputed facts, Trooper Aebischer had probable cause to arrest Plaintiff on suspicion of driving under the influence. Even viewing the evidence in light most favorable to Plaintiff, the Court finds that under the totality of the circumstances, a fair probability existed that Plaintiff committed a crime and that probable cause existed as a matter of law. Therefore, summary judgment is appropriate on Plaintiff's Fourth Amendment unlawful arrest claim.

//

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8

### III. 42 U.S.C. § 1985

Defendants move for summary judgment on Plaintiff's conspiracy to falsely arrest claim on the grounds that Plaintiff is not a member of a protected class under 42 U.S.C. § 1985. ECF No. 64 at 14–15.

Section 1985 provides three causes of action. *See Deleo v. Rudin*, 328 F. Supp. 2d 1106, 1112–13 (D. Nevada 2004). As noted in the Court's prior Order, it appears Plaintiff is asserting a claim under § 1985(3), which provides a cause of action against one or more conspirators who deprive an individual of equal protection of the laws. 42 U.S.C. § 1985(3); *Bretz v. Kelman*, 773 F.2d 1026, 1027–28 (9th Cir. 1985). The Supreme Court has held that "the language of § 1985(3) . . . must be limited to cases alleging some racial or class-based invidious discrimination." *Id.* (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

The Court previously found that Plaintiff's status as an "impaired driver" is not a protected class under 42 U.S.C. § 1985(3). ECF No. 63 at 12. Plaintiff has still identified no facts suggesting he is in any other cognizable protected class. With no genuine issue of material fact in dispute, summary judgment on Plaintiff's § 1985 claim is appropriate.

### IV. 18 U.S.C. § 2

Defendants move for summary judgment on Plaintiff's claim for civil

damages under a criminal statute on the grounds that there is no private right of action under 18 U.S.C. § 2. ECF No. 64 at 15.

Title 18 of the United States Code contains criminal statutes, which do not ordinarily provide private causes of action. "[C]ourts may infer such private causes of action for damages from . . . criminal statutes only when such inference is consistent with the evident legislative intent and, of course, with the effectuation of the purposes intended to be served [by] the Act." *Savini Constr. Co. v. Crooks Bros. Constr. Co.*, 540 F.2d 1355, 1358 (9th Cir. 1974) (internal quotation marks and citation omitted). Section 2 is a general criminal statute establishing criminal liability for those who act as principals in the commission of a federal crime. 18 U.S.C. § 2.

As stated in the Court's prior Order, there is no legislative intent indicating 18 U.S.C. § 2 could be used to assert a private cause of action. ECF No. 63 at 13. Therefore, Defendants are entitled to summary judgment on this claim as a matter of law.

**V.   Reinstatement of City Defendants**

In response to the Defendants' motion, Plaintiff requests the reinstatement of City Defendants that the Court previously dismissed. ECF No. 72 at 4. The Court declines Plaintiff's request because he did not file a motion and has provided no legal authority for the requested relief. LCivR 7(b)(1).

## VI. State Law Claims

Plaintiff asserts several state law claims including infliction of emotional distress, unlawful imprisonment, false arrest, and malicious prosecution. ECF No. 1 at 25–27. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A federal court may exercise original jurisdiction over cases involving a question of federal law or between parties of diverse citizenship. 28 U.S.C. §§ 1331, 1332. A federal court may also exercise supplemental jurisdiction over pendent claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, if a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related claim. 28 U.S.C. § 1367(c)(3).

Having dismissed all federal claims, and considering the values of judicial economy, convenience, fairness, and comity, the Court declines to exercise supplement jurisdiction over Plaintiff's state law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), *superseded by statute on other grounds as stated in Stanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)).

//

//

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 11

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (ECF No. 64) is **GRANTED**.

2. Plaintiff's federal claims against Defendants are **DISMISSED with prejudice**. Plaintiff's state claims against Defendants are **DISMISSED without prejudice**.

3. Plaintiff's Motion to Exclude Travis Ruffin's Expert Testimony re: Daubert (ECF No. 76) and Motion to Exclude Jason Aebischer re: Daubert (ECF No. 77) are **DENIED as moot.**

4. All remaining hearings, deadlines, and trial are **VACATED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel and Plaintiff, and **CLOSE** the file.

DATED November 8, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 12